# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DANNY HOLLOWAY, JAMES KOHLHAGEN, JEFFREY LEFFIN, and KEITH PFISTER,

    Plaintiffs,

v.

KOHLER CO. and KOHLER CO. PENSION PLAN,

    Defendants.

Case No. 23-CV-1242-JPS

**ORDER**

## 1.    INTRODUCTION

This case has been pending since September 2023. ECF No. 1. In the operative pleading, Plaintiffs Danny Holloway, James Kohlhagen, Jeffrey Leffin, and Keith Pfister ("Plaintiffs," both individually and on behalf of the putative class) proceed against Defendants Kohler Co. ("Kohler") and the Kohler Co. Pension Plan (the "Plan") (together, "Defendants") on behalf of a putative class of participants and beneficiaries receiving pension benefits in the form of a joint survivor annuity ("JSA") from the Plan. *See generally* ECF No. 22. JSAs provide benefits for the lives of the participant and the participant's spouse. *Id.* at 3. The Employee Retirement Income Security Act of 1974 ("ERISA") requires that JSAs be "actuarially equivalent" to the single-life annuity ("SLA") offered to the participant when he or she began receiving benefits. *Id.* at 8–10 (citing ERISA § 205(d), 29 U.S.C. § 1055(d)). Plaintiffs allege that Defendants failed to provide JSAs to married retirees that were actuarially equivalent to the SLAs available to them, and as a

result are underpaying married retirees receiving JSAs, in violation of ERISA. *Id.* at 19–22. Specifically, Plaintiffs' theory is that Defendants used outdated actuarial assumptions to convert SLAs to alternative forms of payment including JSAs, thereby miscalculating benefits for Plaintiffs and the proposed class. *Id.* Plaintiffs rely on an expert opinion to challenge these actuarial assumptions, and Defendants would offer their own expert's opinion to defend them. ECF No. 30 at 10. Accordingly, Plaintiffs characterize this case as involving "a 'battle of experts' in a highly technical field." *Id.*[1]

In April 2024, the parties notified the Court that they had reached a settlement. ECF No. 28. In June 2024, Plaintiffs filed a motion for preliminary approval of their class action settlement with Defendants, which would conclude this litigation. ECF No. 29. Defendants do not oppose the motion. *Id.* The material terms of the proposed settlement agreement are summarized below. After considering the proposed settlement agreement and Plaintiffs' submissions in support of preliminary approval thereof, the Court will grant the motion, conditionally certify the class, and preliminarily approve the parties' settlement agreement.

## 2. SETTLEMENT TERMS

The parties have agreed to the certification, for settlement purposes, of a non-opt out class[2] defined as:

---

[1] Defendants filed a motion to dismiss the complaint for lack of administrative exhaustion. ECF No. 24. However, the parties informed the Court of the settlement of their case while that motion was briefing, so the Court denied it as moot. Text order dated Apr. 3, 2024.

[2] That is, a class under Federal Rule of Civil Procedure 23(b)(1). *See* ECF No. 30 at 32–33.

> All participants and spouse beneficiaries entitled to benefits under the Kohler Co. Pension Plan who began receiving a (1) joint and survivor annuity, (2) qualified optional survivor annuity, or (3) qualified preretirement survivor annuity, on or after September 19, 2017 but before January 1, 2021, whose benefits had a present value that was less than the present value of the SLA they were offered using the applicable Treasury Assumptions as of each participant's Benefit Commencement Date. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

ECF No. 30 at 12–13 (quoting settlement agreement, ECF No. 31-1 at 6). There are approximately 500 individuals in the settlement class. *Id.* at 15.

Under the proposed settlement agreement, "Kohler will amend the Plan to provide that each class member is entitled to an increased monthly [benefit] as of July 31, 2024," to continue for the rest of the class members' (and their beneficiaries') lives. *Id.* at 9, 13; ECF No. 31-1 at 13–14. The parties' proposed settlement agreement provides that Defendants will establish a common settlement fund of $2,450,000.00,[3] out of which payments (in the form of increased benefits) to class members, service payments to named plaintiffs, and attorneys' fees and costs will be paid. ECF No. 30 at 13 ("The Plan Amendment will allocate the Net Settlement Amount . . . among Class Members in proportion to the total value of their past and future pension benefit payments."); ECF No. 31-1 at 8–9. Plaintiffs aver that this $2.45 million figure is "approximately 1/3 of the $7.39 million in class-wide damages as calculated by [their] actuarial expert." ECF No. 30 at 9. In exchange for these monthly benefit increases, class members will release their claims against Defendants. *Id.* at 15; ECF No. 31-1 at 15–16.

---

[3]The settlement fund is "non-reversionary as to living [c]lass [m]embers and their [b]eneficiaries." ECF No. 30 at 22.

The parties have agreed to a formula for calculating class members' monthly benefit increases and timing of benefit increases; they have agreed that a class member's recalculated benefit amount shall be used to determine the amount of any survivor annuity payable to the class member's beneficiary on the class member's death; and they have agreed that, if any deceased class members who would have been entitled to an increased benefit die before such benefit is paid out, such benefit can be paid to the deceased class member's or their beneficiary's estate. ECF No. 30 at 13–15; ECF No. 31-1 at 13–15.

The parties have also agreed on a method and forms to provide notice to class members of the proposed settlement and how they may object or opt out. ECF No. 30 at 15–16; ECF No. 31-1 at 11–12; *id.* at 33–41 (notice forms). Defendants will bear the cost of providing notice to class members and government entities as required under the Class Action Fairness Act. ECF No. 30 at 15; ECF No. 31-1 at 11. Finally, the proposed settlement agreement provides that class counsel may seek an award of attorneys' fees up to 30% of the value of the settlement, reimbursement of litigation expenses including expert fees, and service awards of $2,500.00 for each of the named Plaintiffs. ECF No. 30 at 16; ECF No. 31-1 at 11–12 (permitting class counsel to seek "reasonable attorneys' fees of no more than 30% of the Gross Settlement Amount"). The settlement is not contingent on the Court's approval of the requested attorneys' fees, costs, and/or service awards, and additionally, Defendants may object to those requests. ECF No. 30 at 16; ECF No. 31-1 at 12.

### 3. LEGAL STANDARD

"Federal Rule of Civil Procedure 23(e) requires court approval of any settlement that effects the dismissal of a class action." *Reynolds v. Beneficial*

*Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000)). "When parties seek preliminary approval of a class-action settlement agreement under Rule 23(e), the district court must undertake three essential inquiries." *In re TikTok, Inc., Consumer Priv. Litig.*, 565 F. Supp. 3d 1076, 1083 (N.D. Ill. 2021).

First, the Court must examine whether it "will likely be able" to certify the proposed settlement class. Fed. R. Civ. P. 23(e)(1)(B)(ii). Second, the Court must make a preliminary inquiry as to whether the proposed settlement is "within the range of possible approval" with respect to the criteria set forth in Rule 23(e)(2), reserving full examination of those criteria for the final approval stage. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982); *In re TikTok*, 565 F. Supp. at 1083 (collecting cases and explaining that this inquiry is preliminary); Fed. R. Civ. P. 23(e)(1)(B)(i) (authorizing the sending of notice to the class if the court finds that it "will likely be able to . . . approve the proposal under Rule 23(e)(2)"); Fed. R. Civ. P. 23(e)(2) (requiring a finding that a class settlement is "fair, reasonable, and adequate" and setting forth factors for consideration).[4] Third, if the other

---

[4]Congress amended Rule 23 in 2018 to enumerate the concerns that courts should consider when deciding whether to approve a class action settlement: the adequacy of class counsel's and the class representatives' representation of the class; whether the proposal was negotiated at arm's length; the adequacy of relief that the settlement provides to the class; and whether the proposal treats class members equitably. Advisory Committee Notes on the 2018 Amendments to Fed. R. Civ. P. 23(e)(2); Fed. R. Civ. P. 23(e)(2)(A)–(D). However, Congress stated that these factors were not intended to "displace" any of the tests devised by the courts of appeals. Advisory Committee Notes on the 2018 Amendments to Fed. R. Civ. P. 23(e)(2). In that vein, the Seventh Circuit has articulated the following factors for evaluating whether a settlement is fair: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of [the] settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the

two factors are satisfied, the Court must direct class counsel to provide notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Therefore, the Court must examine whether the proposed notice program is "appropriate," Fed. R. Civ. P. 23(c)(2)(A) (applicable to Rule 23(b)(1) classes), and likely to "accord[]" class members "their due process rights to notice and an opportunity to be heard." *In re TikTok*, 565 F. Supp. at 1084 (quoting *Chaffee v. A&P Tea Co.*, No. 79 C 2735, 1991 WL 5859, at *2 (N.D. Ill. Jan. 16, 1991)).

**4.      ANALYSIS**

After reviewing Plaintiffs' submissions, the Court agrees that, at this juncture, there is no barrier to conditional certification of the proposed class and preliminary approval of the class settlement.

The parties agree as to a definition of the proposed settlement class, which the Court finds is "defined clearly and based on objective criteria." ECF No. 30 at 32 (quoting *Mullins v. Direct Dig., LLC*, 795 F.3d 654, 659 (7th Cir. 2015)).

The Court also agrees with Plaintiffs that the class satisfies the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Civil Procedure 23(a). ECF No. 30 at 27–32. The approximately 500-member class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *Orr v. Shicker*, 953 F.3d 490, 498 (7th Cir. 2020) ("While there is no magic number that applies to every case, a forty–member class is often regarded as sufficient to meet the numerosity requirement." (quoting *Mulvania v. Sheriff of Rock Island Cnty.*,

---

opinion of competent counsel; and (6) [the] stage of the proceedings and the amount of discovery completed." *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (quoting *Gautreaux*, 690 F.2d at 631).

850 F.3d 849, 859 (7th Cir. 2017))). The case presents common questions of law and fact—"whether [c]lass [m]embers' JSA benefits are actuarially equivalent to the SLAs they were offered" which requires "[d]etermining whether the Plan's formulas used for participants unreasonably reduced their pensions." ECF No. 30 at 28. Rule 23(a)(2)'s commonality requirement is therefore satisfied. *See Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, 265 F.R.D. 405, 411 (E.D. Wis. 2010) (finding in an ERISA case that "whether the Plans underpaid lump sum benefits" was a common question among class members).

The typicality requirement is similarly met because the claims of the individual named Plaintiffs who represent the class, and the claims of the class members, all arise from the same allegation that Defendants used outdated formulas to calculate JSA payments, and all seek the same relief. *See Dekeyser v. Thyssenkrupp Waupaca, Inc.*, 314 F.R.D. 449, 454 (E.D. Wis. 2016), *aff'd*, 860 F.3d 918 (7th Cir. 2017) ("This boils down to two considerations: whether the same event, practice, or course of conduct gives rise to the claims of the class and whether the claims are grounded in the same legal theory." (quoting *Curry v. Kraft Foods Glob., Inc.*, No. 10–1288, 2011 WL 4036129, at *7 (N.D. Ill. Sept. 12, 2011))). Finally, Plaintiffs aver that they "have been involved in this case at each step" and "have no antagonistic or conflicting interests with absent class members," and further that their proposed class counsel are experienced in litigating ERISA class actions and will represent the best interests of the class. ECF No. 30 at 31–32. The Court agrees that, based upon these representations, Plaintiffs satisfy the adequacy requirement. *See Thompson*, 265 F.R.D. at 411–12.

Turning finally to the requirements of Rule 23(b), the Court is persuaded that certification of a "non-opt out" class under Rule 23(b)(1) is

appropriate. ECF No. 30 at 32–33. If the Court did not certify a class, class members would be required to raise separate ERISA claims which would run the risk of contradictory rulings about whether class members received actuarially equivalent benefits, and how to make that determination. Accordingly, certification of a non-opt out class will prevent differential treatment of class members by the Plan. *See Temme v. Bemis Co., Inc.*, No. 08-CV-090, 2009 WL 1505120, at *6 (E.D. Wis. May 28, 2009) (certifying ERISA class under Rule 23(b)(1)); *Caufield v. Colgate-Palmolive Co.*, No. 16-cv-4170, 2017 WL 3206339, at * 6 (S.D.N.Y. July 27, 2017) ("Most ERISA class actions are certified under Rule 23(b)(1)." (quoting *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008))).

Next, the Court finds the proposed settlement is "within the range of possible approval" with respect to the criteria set forth in Rule 23(e)(2) and that the Court "will likely be able to . . . approve the proposal under Rule 23(e)(2)." *Gautreaux*, 690 F.2d at 621 n.3; Fed. R. Civ. P. 23(e)(1)(B)(i) Plaintiffs examine each of the Rule 23(e)(2) criteria in their preliminary approval motion. ECF No. 30 at 18–27. The Court, while reserving full examination of those criteria for the final approval stage of this proceeding, has no quarrel at this time with the majority of Plaintiffs' reasoning and generally agrees that the negotiated outcome is favorable to the class. It is also noteworthy that Judge Lynn Adelman recently approved a similar settlement in in a virtually identical case. *Berube v. Rockwell Automation*, Case No. 20-CV-1783, ECF No. 76 (E.D. Wis. Nov. 7, 2023) and ECF No. 89 (Mar. 8, 2024).

As to the proposed award of attorneys' fees to class counsel, *id.* at 22–26, the Court reserves judgment and will await the parties' submissions on this matter. Plaintiffs should, however, submit billing records along with

any fee petition (and may redact privileged entries from the billing records). This will enable Defendants and the Court to conduct a lodestar cross-check if needed. *See In re Advocate Aurora Health Pixel Litig.*, Nos. 22-CV-1253, 22-CV-1278, 22-CV-1305, 23-CV-259, 23-CV-260, 2024 WL 3357730, at *6 n.5 (E.D. Wis. July 10, 2024); *id.* at *9 (explaining lodestar cross-check). Additionally, since Plaintiffs seek attorneys' fees as a percentage of the common fund, they should ensure that they use the correct formula for calculating and presenting their percentage request. *Id.* at *10.

Finally, the settlement agreement provides for direct notice to class members in a manner that is practicable under the circumstances. *See In re TikTok*, 565 F. Supp. 3d at 1084. The notice will be sent to class members by mail and class counsel will also maintain a website with further information about the settlement. This protocol, coupled with the fact that most class members need not submit a claim form or take action to receive the benefit of the settlement, ECF No. 30 at 34 & n.8, satisfies the Court that the notice program is adequate.

5.  **CONCLUSION**

For all these reasons, the Court will grant Plaintiffs' motion for preliminary approval of the class settlement, and incorporate below the terms of their proposed order, ECF No. 31-1 at 43–51, which will manage the settlement process and ultimately conclude this litigation in a timely manner.

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motion for preliminary approval of the parties' class action settlement, ECF No. 29, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** as follows:

1. The provisions of the Settlement, including the definitions and terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Class Members.

### Preliminary Findings Regarding Proposed Settlement

3. The Court preliminarily approves the Settlement as fair, reasonable, and adequate to all Class Members, pending a final settlement and fairness hearing (the "Final Approval Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Plaintiffs or segments of the Class; and (v) warranting Notice of the proposed Settlement and the Final Approval Hearing described below.

### Preliminary Certification of the Settlement Class

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement set forth in the Settlement Agreement, the following Settlement Class:

> All participants and spouse beneficiaries entitled to benefits under the Kohler Co. Pension Plan who began receiving a (1) joint and survivor annuity, (2) qualified optional survivor annuity, or (3) qualified preretirement survivor annuity, on or

after September 19, 2017 but before January 1, 2021, whose benefits had a present value that was less than the present value of the SLA they were offered using the applicable Treasury Assumptions as of each participant's Benefit Commencement Date. Excluded from the Class are Defendants and any individuals who are subsequently to be determined to be fiduciaries of the Plan.

5. The Court's preliminary certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of, Defendants to contest certification of the proposed Class in this Action. The Court's findings herein shall have no effect on the Court's ruling on any motion to certify any class in this Action, and no party may cite or refer to the Court's certification of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class. The findings that follow in paragraph 6 are limited to this particular Order and are made only in the context of this particular settlement.

6. The Court finds that, solely for the purpose of effectuating the Settlement, the requirements of Rule 23 are satisfied, and Plaintiffs should be appointed as Class Representatives. More specifically, the Court finds as follows:

    a. Pursuant to Rule 23(a)(1), that the members of the Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), that Plaintiffs have alleged one or more questions of fact or law common to the Class;

    c. Pursuant to Rule 23(a)(3), that Plaintiffs' claims are typical of the claims of the Class;

d. Pursuant to Rule 23(a)(4), that Plaintiffs will fairly and adequately protect the interests of the Class; and

e. Pursuant to Rule 23(b)(1)(A), "that prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

### Stay Order

7. The Court orders the stay of any pending litigation in the Action and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against Defendants or any of their respective Related Parties.

### Form and Timing of Notice

8. The Court hereby approves, as to form and content, the Notice substantially in the form attached to the Settlement Agreement as Exhibit 2, ECF No. 31-1 at 33–41, and directs that no later than **forty-five (45) days** after entry of this Order, Defendants shall cause the Notice to be sent by regular mail to each known Class Member's last known address that is maintained in the Plan's records. Defendants shall file with the Court proof of transmission of the Notice **seven (7) days** prior to the Final Approval Hearing.

9. The cost of providing the Notice to the Class as specified in this Order shall be paid as set forth in the Settlement.

10. The Court preliminarily finds that the distribution of the Notice, and the notice methodology contemplated by the Settlement and this Order:

a. Constitute the best practicable notice to Class Members under the circumstances of this Action;

b. Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (iv) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on the Class;

c. Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Employee Retirement Income Security of Act of 1974, as amended, the Rules of this Court, and any other applicable law.

### Final Approval Hearing

11. The Final Approval Hearing shall take place before the undersigned, United States District Judge J.P. Stadtmueller on **December 4, 2024 at 8:30 AM** in Courtroom 425 of the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Ave., Milwaukee, WI 53202 to determine:

a. Whether the Settlement, on the terms and conditions provided for in the Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

b. Whether the Action should be dismissed on the merits and with prejudice;

c. Whether the Court should permanently enjoin the assertion of any Released Claims by Class Members;

d. Whether the application for attorneys' fees, expenses and costs to be submitted by Class Counsel should be approved;

e. Whether the application for a Client Contribution Award on behalf of Plaintiffs should be approved; and

f. Such other matters as the Court may deem necessary or appropriate.

**Petition for Attorneys' Fees and Costs and Client Contribution Awards**

12. Any petition for an award to Plaintiffs or Class Counsel of a Fees, Expenses and Costs Award, and all briefs in support thereof, shall be filed no later than **forty-five (45) days** prior to the Final Approval Hearing. Any opposition to such petition by Defendants shall be filed no later than **twenty-eight (28) days** prior to the Final Approval Hearing.

**Briefs in Support of Final Approval of the Settlement**

13. Briefs and other documents in support of final approval of the Settlement shall be filed no later than **forty-five (45) days** prior to the Final Approval hearing.

**Objections to the Settlement**

14. Any member of the Class may file an objection ("Objection") to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to the request for a client contribution award for Plaintiffs. An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s) for each such Objection made, including any legal

support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). Any member of the Class who files an Objection to the Settlement must also mail copies of the Objection and any supporting law and/or evidence to Class Counsel and to counsel for Defendants. The addresses for filing Objections with the Court and serving Objections on counsel are as follows:

<u>For Filing</u>:

>Clerk of the Court
>United States District Court for the Eastern District of Wisconsin
>517 E. Wisconsin Ave. Rm. 362
>Milwaukee, WI 53202
>Re: *Holloway, et al. v. Kohler Co., et al.*, No. 2:23-cv-01242

<u>To Class Counsel</u>:

>Christopher M. Barrett
>IZARD, KINDALL & RAABE LLP
>29 S. Main Street, Suite 305
>West Hartford, CT 06107
>Email: cbarrett@ikrlaw.com

<u>To Defendants' Counsel</u>:

>Blake Crohan
>ALSTON & BIRD, LLP
>1201 W. Peachtree Street NE
>Atlanta, GA 30309
>Email: blake.crohan@alston.com

15. Objectors and their private counsel (if any) must file and serve their Objections and supporting papers so that they are received by the Court and counsel no later than **twenty-eight (28) days** before the Final Approval Hearing. Service on counsel may be effected by email on both

Class Counsel and Defendants' Counsel listed above, but filing with the Court must be done by first-class mail. If objectors hire an attorney for the purpose of making an Objection, the attorney must also file a notice of appearance with the Court no later than **twenty-eight (28)** days before the Final Approval Hearing and serve a copy of the notice of appearance on Class Counsel and Defendants' Counsel listed above by email or regular mail on the same day that it is filed with the Court. Any member of the Class who does not timely submit a written Objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection shall be barred. Any responses to Objections shall be filed with the Court no later than **seven (7) days** before the Final Approval Hearing. There shall be no reply briefs.

16. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than **seven (7) days** before the Final Approval Hearing.

17. Any objector who files and serves a timely, written Objection in accordance with Paragraphs 14 and 15 above may also appear at the Final Approval Hearing, either for themselves or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no later than **twenty-eight (28) days** before the Final Approval Hearing. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

### Use of Order

18. This Order is not admissible as evidence for any purpose in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims that he, she, or it may have in the event that the Settlement Agreement terminates. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits or appendices, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, and/or deemed to be evidence of, a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

### Other Provisions

19. In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated (except as to paragraphs 5, 18), and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the

Settlement, and without prejudice to the rights to the parties to the Agreement before it was executed. Notwithstanding the foregoing, and for the avoidance of doubt, the effectiveness of the Settlement is not contingent upon the Court approving the attorneys' fees and costs or any client contribution award request by Plaintiffs or Class Counsel.

20. The Court reserves the right to alter the time or the date of the Final Approval Hearing, as well as whether the Hearing will take place in person or by videoconference, without further written notice to the Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or a date earlier than the time and date set forth in Paragraph 8 above.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

Dated at Milwaukee, Wisconsin, this 24th day of July, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge