# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DANNY HOLLOWAY, JAMES KOHLHAGEN, JEFFREY LEFFIN, and KEITH PFISTER *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>KOHLER CO. and KOHLER CO. PENSION PLAN,<br><br>Defendants. | Case No. 23-CV-1242-JPS<br><br><br>**ORDER** |

## 1. INTRODUCTION

This case has been pending since September 2023. ECF No. 1. In the operative pleading, Plaintiffs Danny Holloway, James Kohlhagen, Jeffrey Leffin, and Keith Pfister ("Plaintiffs," both individually and on behalf of the putative class) proceed against Defendants Kohler Co. ("Kohler") and the Kohler Co. Pension Plan (the "Plan") (together, "Defendants") on behalf of a putative class of participants and beneficiaries receiving pension benefits in the form of a joint survivor annuity ("JSA") from the Plan. *See generally* ECF No. 22. JSAs provide benefits for the lives of the participant and the participant's spouse. *Id.* at 3. The Employee Retirement Income Security Act of 1974 ("ERISA") requires that JSAs be "actuarially equivalent" to the single-life annuity ("SLA") offered to the participant when he or she began receiving benefits. *Id.* at 8–10 (citing ERISA § 205(d), 29 U.S.C. § 1055(d)). Plaintiffs allege that Defendants failed to provide JSAs to married retirees

that were actuarially equivalent to the SLAs available to them, and as a result are underpaying married retirees receiving JSAs, in violation of ERISA. *Id.* at 19–22.

In April 2024, the parties notified the Court that they had reached a settlement. ECF No. 28. In June 2024, Plaintiffs sought preliminary approval of their class action settlement with Defendants. ECF No. 29. The following month, the Court conditionally certified the class as a non-opt out class under Federal Rule of Civil Procedure 23(b)(1) and preliminarily approved the parties' settlement agreement. ECF No. 33. In doing so, the Court found that the parties' proposed program of providing notice to the members of the class was adequate, and authorized such notice to be sent. *Id.* at 9, 12–13.

Now before the Court is Plaintiffs' unopposed motion for final approval of the class settlement and for an award of attorneys' fees and costs, and service awards to the named Plaintiffs. ECF No. 35. Consistent with its findings during the preliminary approval phase of this case, the Court agrees that final certification of the class and final approval of the class settlement is appropriate. The Court further finds that Plaintiffs' counsel's proposed award of attorneys' fees is reasonable, and that awarding costs and service awards is appropriate. Accordingly, Plaintiffs' final approval motion will be granted in full.

2.  **SETTLEMENT TERMS**

There are approximately 500 class members. ECF No. 36 at 15. Under the settlement agreement, "Kohler will amend the Plan to provide that each class member is entitled to an increased monthly benefit as of July 31, 2024," to continue for the rest of the class members' (and their beneficiaries') lives. ECF No. 36 at 13; ECF No. 31-1 at 13–14. The parties' settlement agreement

Page 2 of 11
Case 2:23-cv-01242-JPS    Filed 12/12/24    Page 2 of 11    Document 44

provides that Defendants will establish a common settlement fund of $2,450,000.00,[1] out of which payments (in the form of increased benefits) to class members, service payments to named Plaintiffs, and attorneys' fees and costs will be paid. ECF No. 36 at 13 ("The Plan Amendment will allocate the Net Settlement Amount . . . among Class Members in proportion to the total value of their past and future pension benefit payments."); ECF No. 31-1 at 8–9. Plaintiffs aver that this $2.45 million figure is approximately "1/3 of the $7.39 million in class-wide damages as calculated by [their] actuarial expert." ECF No. 36 at 19. In exchange for these monthly benefit increases, class members will release their claims against Defendants. *Id.* at 15; ECF No. 31-1 at 15–16.

The parties have agreed to a formula for calculating class members' monthly benefit increases and timing of benefit increases; they have agreed that a class member's recalculated benefit amount shall be used to determine the amount of any survivor annuity payable to the class member's beneficiary on the class member's death; and they have agreed that, for any deceased class member who would have been entitled to an increased benefit but who dies before such benefit is paid out, such benefit can be paid to the deceased class member's or their beneficiary's estate. ECF No. 30 at 13–15; ECF No. 31-1 at 13–15.

**3.  LAW & ANALYSIS**

The Court may approve a class action settlement if: (1) it is able to certify the settlement class; (2) the class was provided adequate notice and a public hearing; and (3) it determines that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)–(2).

---

[1]The settlement fund is "non-reversionary as to living [c]lass [m]embers and their [b]eneficiaries." ECF No. 30 at 22.

The Court does not disturb its earlier conclusion that certification of the settlement class meets the requirements of Rule 23(a) and (b)(1). ECF No. 33 at 6–8. Similarly, the Court's previous endorsement of the notice program as satisfactory, *id.* at 13, stands. *See* Fed. R. Civ. P. 23(c)(2)(B) and (e)(1). Notice of the proposed settlement was sent to class members. ECF No. 37-1 at 33–41. The class is non-opt out, but the notice apprised class members about the nature of the action and how to object to it. *Id.*; ECF No. 36 at 15–16. Objections from class members were due Wednesday, November 6, 2024. ECF No. 33 at 15–16. No objections were received. A fairness hearing was held on December 4, 2024, at which no objections were raised. ECF No. 43. The Court has no reason to believe that the notice program was ineffective or unreasonable.

As for determining whether the settlement agreement is fair, reasonable, and adequate, relevant factors in the analysis include "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of [the] settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) [the] stage of the proceedings and the amount of discovery completed." *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014) (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)); *see also* Fed. R. Civ. P. 23(e)(2) (listing factors).[2] The Court considers the facts "in the light

---

[2] Congress amended Rule 23 in 2018 to enumerate the concerns that courts should consider when deciding whether to approve a class action settlement: the adequacy of class counsel's and the class representatives' representation of the class; whether the proposal was negotiated at arm's length; the adequacy of relief that the settlement provides to the class; and whether the proposal treats class members equitably. Advisory Committee Notes on the 2018 Amendments to Fed. R. Civ. P. 23(e)(2); Fed. R. Civ. P. 23(e)(2)(A)–(D). However, Congress stated that

most favorable to the settlement" and focuses not on "individual components of the settlement[]," but rather views the settlement "in [its] entirety in evaluating [its] fairness." *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996) (quoting *Armstrong v. Bd. of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 315 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)).

All factors weigh in favor of approval of the settlement in this case. The Court concurs in Plaintiffs' examination of each of the Rule 23(e)(2) criteria in their final approval motion, ECF No. 36 at 18–28, and agrees that the negotiated outcome in this case is favorable to the class.

The Court further finds that the proposed award of $735,000 in attorneys' fees to Plaintiffs' class counsel is reasonable. ECF No. 36 at 9. The Court finds that the proposed fee award is reasonable in light of the results that class counsel achieved for the class in this complex and cutting-edge case. *See Camp Drug Store, Inc. v. Cochran Wholesale Pharm., Inc.*, 897 F.2d 825, 832–33 (7th Cir. 2018) (noting that fee awards should account for "the quality of the attorney[s'] performance, the amount of work necessary the resolve the litigation, and the stakes of the case" (quoting *Sutton v. Bernard*, 504 F.3d 688, 692 (7th Cir. 2007))). Additionally, class counsel's proposed award is a contingent fee of 30% of the common fund, which is below the typical one-third market rate in ERISA cases. *Id.* (directing district courts to "award counsel the market price for legal services" (citation omitted)); ECF No. 36 at 35–36 n.8 (collecting ERISA cases where courts have awarded a one-third percentage fee). The submitted time records appear to show

---

these factors were not intended to "displace" any of the tests devised by the courts of appeals. Advisory Committee Notes on the 2018 Amendments to Fed. R. Civ. P. 23(e)(2).

efficient and non-duplicative use of counsel's time[3]; class counsel's lodestar is $329,797, so the proposed contingent-fee award is a lodestar multiplier of 2.23. ECF No. 36 at 37. This is "well within the band of lodestar multipliers accepted within the Seventh Circuit." *In re Advoc. Aurora Health Pixel Litig.*, No. 22-CV-1253-JPS, 2024 WL 3357730, at *19 (E.D. Wis. July 10, 2024) (citing *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 943 (N.D. Ill. 2022), *appeal dismissed sub nom. In re Tiktok Inc., Consumer Priv. Litig.*, No. 22-2682, 2022 WL 19079999). For these reasons, the Court will approve Plaintiffs' counsel's proposed fee award.

Plaintiffs also request reimbursement of costs in the amount of $18,015.24, and $10,000 in service awards ($2,500 each) to each of the four named plaintiffs. ECF No. 36 at 9. There is no barrier to approving the service awards for the named Plaintiffs, nor to ordering reimbursement of litigation costs, both of which the parties agree on, so the Court will also approve these awards.

4. **CONCLUSION**

For all these reasons, the Court finds that the settlement agreement is fair, adequate, and reasonable, and will grant Plaintiffs' motion for final approval of the class settlement and for an award of attorneys' fees and costs, and service awards to the named Plaintiffs. ECF No. 35. It will incorporate below the terms of their proposed order. ECF No. 37-1 at 43–51.

---

[3] Class counsel has submitted all billing records, as the Court directed in the preliminary approval order, ECF No. 33 at 8–9. ECF Nos. 37-3, 38-2, 39-1. However, the Court finds that a granular lodestar cross-check is unnecessary. *See Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014) (noting that "the choice of methods [of determining attorneys' fees] is discretionary" (citing *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991))).

Accordingly,

**IT IS ORDERED** that Plaintiffs' unopposed motion for final approval of the class settlement and for an award of attorneys' fees and costs, and service awards to the named Plaintiffs, ECF No. 35, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** as follows:

1. **Definitions**. This Order incorporates by reference the definitions in the Settlement Agreement, ECF No. 31-1, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3. **No Merits Determination**. This Order does not make any determination as to the merits of this case.

4. **Settlement Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies this Action as a class action, with the Class defined as:

> All participants and spouse beneficiaries entitled to benefits under the Kohler Co. Pension Plan who began receiving a (1) joint and survivor annuity, (2) qualified optional survivor annuity, or (3) qualified preretirement survivor annuity, on or after September 19, 2017 but before January 1, 2021, whose benefits had a present value that was less than the present value of the SLA they were offered using the applicable Treasury Assumptions as of each participant's Benefit Commencement Date. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

The Court finds that, solely for the purpose of effectuating the Settlement Agreement, the requirements of Rule 23 are satisfied and Plaintiffs Danny Holloway, James Kohlhagen, Jeffrey Leffin, and Keith Pfister should be appointed as Class Representatives. More specifically, the Court finds as follows:

    a. Pursuant to Rule 23(a)(1), that the members of the Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), that Plaintiffs have alleged one or more questions of fact or law common to the Class;

    c. Pursuant to Rule 23(a)(3), that Plaintiffs' claims are typical of the claims of the Class;

    d. Pursuant to Rule 23(a)(4), that Plaintiffs will fairly and adequately protect the interests of the Class; and

    e. Pursuant to Rule 23(b)(1)(A), "that prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

5. **Designation of Class Representatives and Class Counsel**. The Court confirms the prior appointments of Plaintiffs Danny Holloway, James Kohlhagen, Jeffrey Leffin, and Keith Pfister as Class Representatives, and appoints the law firms of Izard, Kindall & Raabe, LLP, Motley Rice LLC, and Siri Glimstad LLP as Class Counsel.

6. **Settlement Approval**. Pursuant to Rule 23(e), the Court hereby approves the Settlement and finds that it is, in all respects, fair,

reasonable and adequate to the Parties. The Court further finds that the Settlement Agreement is the result of good faith arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement Agreement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

7. **Dismissal with Prejudice**. Final judgment will be entered with respect to the Released Claims of all Settlement Class Members, and this action and the Released Claims are hereby dismissed in their entirety with prejudice and without costs.

8. **Releases**. The releases as set forth in Section IV of the Settlement Agreement together with the definitions in Section I of the Settlement Agreement relating thereto are expressly incorporated herein in all respects and made effective by operation of this Order. The Court hereby approves the release provisions as contained and incorporated in Section IV of the Settlement Agreement, including but not limited to the definitions of Released Claims and Released Parties. The Settlement Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

9. **Covenant Not to Sue**. Plaintiffs and all members of the Settlement Class are hereby barred and enjoined from filing any claim or action against any Released Party based on any Released Claim. The foregoing shall be a complete defense to any such lawsuit or claims against any of the Released Parties.

10. **Approval of Class Notice**. The form and means of disseminating the Class Notice as provided for in the order granting

preliminary approval of class action settlement and proposed notice of settlement, ECF No. 33, constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

11. **Attorneys' Fees and Expenses**. Plaintiffs and Plaintiffs' counsel have moved for an award of attorneys' fees and reimbursement of costs and expenses. The Court has considered this application separately from this Order. The Court finds that an award of $735,000.00 in attorneys' fees, and reimbursement of expenses and costs in the amount of $18,015.24 is fair and reasonable, and the Court approves of payment thereof pursuant to the Settlement Agreement.

12. **Case Contribution Award**. The Court further finds that Service Awards for Plaintiffs Danny Holloway, James Kohlhagen, Jeffrey Leffin, and Keith Pfister in the amount of $2,500.00 each are fair and reasonable, and the Court approves of Service Awards in this amount and payment thereof pursuant to the Settlement Agreement.

13. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants or the Released Parties. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, or the Settlement Agreement, or any of its provisions or any

negotiations, statements, or proceedings relating to it in any way, be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

14. **Continuing Jurisdiction**. Without affecting the finality of the judgment in any way, this Court hereby retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment, and for any other necessary purpose, including to ensure compliance with the Protective Order.

15. **Implementation of the Agreement**. The Parties are hereby authorized to implement the terms of the Settlement Agreement.

16. **Reasonable Extensions**. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

17. **CAFA Notice**. Defendants have provided notification to all appropriate federal and state officials regarding the Settlement Agreement as required by 28 U.S.C. § 1715.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge